No. 39,924

NATALIA AGUILERA, Mother of Baldo J. Aguilera, Deceased, *Appellant,* v. C AND S WELL SERVICE, EMPLOYERS CASUALTY COMPANY, *Appellees.*

(289 P. 2d 1062)

Opinion filed November 12, 1955.

*Everett L. Baker,* of Lyons, argued the cause, and was on the briefs for the appellant.

*Donald R. Newkirk,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Robert J. Hill, Gerrit H. Wormhoudt,* and *Theodore C. Geisert,* all of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was a proceeding under the Workmen's Compensation Act instituted by the mother of a deceased workman as claimant against his employer, the respondent, and its insurance carrier.

A hearing before the Workmen's Compensation Commissioner resulted in an award to the claimant, and the respondent and its insurance carrier appealed to the district court.

After a hearing the district court took the matter under advisement and later signed and caused to be filed a journal entry reciting:

"Now, on this 18th day of March, 1955, the court, being fully advised in the premises, finds that the award of the commissioner should be, and the same is hereby set aside, and judgment ordered for respondent and insurance carrier.

"The court finds that Baldo J. Aguilera did not meet with accidental injuries arising out of and in the course of his employment with respondent; that the climatic conditions under which Baldo J. Aguilera was working on May 26, 1953, and on July 2, 1953, were not peculiar to the oil industry, but were similar to what any outdoor workman might expect to encounter at that time of year and in that vicinity. The court finds further that Dr. R. E. Bula, who examined the deceased, was unable to find any symptoms of heat exhaustion, but did find a serious heart condition.

"The costs of the action are taxed to the respondent and insurance carrier.

"It Is So Ordered."

In due time the claimant perfected her appeal to this court specifying error in five particulars. In her brief the specification of errors is not referred to, it being said the questions involved are:

"1. Did the Court err in his *conclusions of law,* that the death of the deceased workman was not caused by accidental injury arising out of and in the course of his employment with respondent? (Emphasis supplied.)

"2. Is there evidence in the record to sustain the judgment of the District Court?"

Appellant properly points out that the only question presented to the district court on the appeal taken from the award was whether the deceased workman sustained an injury arising out of and in the course of his employment. The claimed injury was the sustaining of a heat stroke which caused death, and reference will be made later to the evidence bearing thereon. She then argues that the conclusions made by the district court were of law and not of fact and, directing attention to evidence which would have supported a judgment in her favor, contends that the conclusions of the district court were not reasonable inferences, and that the evidence compelled a conclusion in her favor. She also argues that the findings and conclusions made by the district court were not supported by substantial competent evidence and that the evidence compelled a conclusion in her favor. In support she cites *Murphy v. I. C. U. Const. Co.,* 158 Kan. 541, 148 P. 2d 771, where this court quoted from an annotation in 13 A. L. R. 974, that:

"The rule is generally recognized, however, that if an employee, by reason of his duties, is exposed to a special or peculiar danger from the elements—that is, one greater than other persons in the community—and an unexpected injury is sustained by reason of the elements, the injury constitutes an accident arising out of and in the course of the employment."

We shall not comment on the rule but assuming its correctness it is only to be applied where the necessary facts have been found by the trier of the facts.

Appellant's contention that the findings and conclusions reached by the district court are of law and not of fact cannot be sustained. The statute pertaining to appeals in Workmen's Compensation proceedings ( G. S. 1949, 44-556), provides that any party to the proceeding may appeal from any award of the Compensation Commissioner to the district court "upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the commissioner." On the hearing of that appeal the district court determines the facts, and the conclusions it reaches thereon are of fact and not of law. Many appeals have been had where the Compensation Commissioner made an award which on appeal the district court denied, where the Compensation Commissioner refused an award and on appeal the district court granted one, and where the Compensation Commissioner made an award and on appeal to the district court the same result was reached. See *Neff v. Henry Wagner Transport Co.,* 177 Kan. 738, syl. 2, 281 P. 2d 1109, as well as the annotations in the statutes under the above section.

It was the duty of the district court to make an examination of the proceedings before the Compensation Commissioner upon questions of law and of fact as presented by the transcript, and after concluding what the facts were, to apply the law thereto. A different rule applies when an appeal is taken to this court from any finding or order of the district court, the same statute as is noted above limiting our review to questions of law. We examine the record as it reaches us only to determine if there is evidence, whether opposed or not, warranting the conclusions and findings of fact made by the district court. We are not concerned with evidence from which a contrary conclusion might have been drawn. See, e. g., *Evans v. Board of Education of Hays,* 178 Kan. 275, 277, 284 P. 2d 1068; *Neff v. Henry Wagner Transport Co.,* supra; and *Angleton v. Foster Wheeler Construction Co.,* 177 Kan. 134, 276 P. 2d 325, and cases cited therein.

A detailed review of the evidence need not be made. Baldo J.

Aguilera and three or four other men were working on a drilling rig on May 26, 1953, which was the hottest day of the year up to that date. The rig was in a grove of trees. Aguilera's place of work was near a motor and hotter than elsewhere, although all the crew felt the heat. During the morning he became ill and vomited two or three times after drinking ice water. About 1:30 p. m. of that day he was taken to town. Although not explicitly stated in the evidence as abstracted, he returned to work the next working day. There is no evidence he consulted any physician on the above occasion. Nothing further occurred until July 2, 1953, when he had an attack of some sort explained only briefly by Doctor Guame, who testified that he first saw Aguilera on July 7, 1953, and was told by Aguilera he became overheated while working on July 6th and had to lie down for a while (if the date was correct, Aguilera was not then at work—evidently July 2nd was the correct date); that he had had an attack of heat exhaustion about a month before while at work; that he had been rejected for military service in 1942 because of heart disease. In spite of immediate treatment, Aguilera became worse and died July 10, 1953. It is here noted there is no evidence whatever as to weather conditions in July, 1953. Doctor Guame testified he did not find any symptoms of heat exhaustion on July 7, 1953, did not treat him for it, and that treatment was given for a heart condition.

Doctor Bula testified he examined Aguilera on July 4, 1953; found a murmur over the entire heart area; that Aguilera told him he had become overheated while at work; that witness did not remember whether Aguilera fixed a date, but when he examined Aguilera, he found no symptoms of heat exhaustion, but did regard his heart condition as serious.

In our opinion the findings and conclusions of the district court are supported by substantial competent evidence, and its judgment must be and is affirmed.